UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LORENZO HULL                                                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 3:24-CV-425-DPJ-RPM

BURL CAIN                                                                                       RESPONDENT

## REPORT AND RECOMMENDATION

On July 22, 2024, Lorenzo Hull filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 2013 murder conviction and 2015 resentencing in the Warren County Circuit Court. In 2013, a jury found Hull guilty of depraved heart murder. Doc. [10-1]. The trial court sentenced Hull to 35 years as a habitual offender. *Id.* On direct appeal, the Mississippi Court of Appeals affirmed Hull's conviction but vacated his habitual offender sentence and remanded the matter for resentencing. *Hull v. State of Mississippi*, 174 So.3d 887 (Miss. Ct. App. 2015). On April 17, 2015, the Warren County Circuit Court resentenced Hull to serve 35 years. Doc. [10-3]. Hull did not file an appeal from his resentencing.

Hull filed several post-conviction motions. On March 8, 2016, he filed in Warren County Circuit Court a motion for records and transcripts, which also asserted claims challenging his conviction and sentence. Doc. [10-4]. The circuit court found it was without jurisdiction to entertain his motion because he did not secure leave of the Mississippi Supreme Court to move for post-conviction relief. Doc. [10-5]. On February 2, 2020, the circuit court denied Hull's petition to clarify sentence because it found his petition was time-barred and failed to state an actionable claim. Doc. [10-6]. In November 2020, Hull filed a motion for post-conviction relief (PCR) in the Mississippi Supreme Court. The Mississippi Supreme Court noted that Hull raised claims related to the proceedings at the second sentencing but that he had not filed an appeal

from the second sentencing.  Doc. [10-8].  The court concluded that the PCR motion should have been filed in the trial court and dismissed his PCR motion without prejudice.  *Id.*  In August 2021, Hull filed in Warren County Circuit Court another motion for records and transcripts.  Doc. [10-9].  This motion was denied because Hull failed to show that the documents were necessary to decide a specific issue.  Doc. [10-10].

Finally, on October 27, 2021, Hull filed a PCR motion in Warren County Circuit Court challenging the resentencing proceeding; he alleged ineffective of counsel and ex post facto violations regarding his parole status.  Doc. [9-15] at 27-59.  While the PCR motion was pending, Hull filed a petition for writ of mandamus in the Mississippi Supreme Court requesting that the trial court rule on his PCR motion.  Doc. [9-13] at 7-10.  On December 21, 2021, the Warren County circuit Court denied Hull's PCR motion; and the Mississippi Supreme Court dismissed the mandamus action as moot.  Doc. [10-11]; Doc. [9-13] at 2.  Hull appealed the PCR denial.  The Mississippi Court of Appeals affirmed the circuit court and denied Hull's motion for rehearing.  *See Hull v. State of Mississippi* , 356 So.3d 169 (Miss. Ct. App. 2023).  The Mississippi Supreme Court denied certiorari review.

Hull then filed the instant § 2254 petition on July 22, 2024, and an amended petition on January 23, 2025.  Doc. [1] [5].  In the petition, he makes the following claims: (1) ex post facto violation; (2) falsified "Notice of Criminal Disposition"; (3) ineffective assistance of counsel at resentencing; and (4) prosecutorial misconduct.  Doc. [1] at 5-10.  In the amended petition, Hull also argues against Mississippi's statutory bar for filing a timely motion for post-conviction relief in state court.  Doc. [5] at 11-13.  Presently before the Court is Respondent's motion to dismiss asserting that Hull's petition is time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period.  Doc. [10].  Hull has not filed a response in

opposition to the motion. In his petition, however, Hull attempted to address the issue of timeliness and argued his petition should be considered timely "due the fact that my research process in the system with research info. And here where several constitutional violation has occurred from illegal sentence to the misleading off the jury." Doc. [1] at 13.

## Law and Analysis

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Warren County Circuit Court resentenced Hull on April 21, 2015. He did not appeal the resentencing. Accordingly, for purposes of the AEDPA, his judgment became final when the time for filing an appeal expired on May 21, 2015. Hull then had one year from May 21, 2015—or until May 23, 2016—to file a timely federal habeas petition. Absent statutory or equitable

tolling, Hull's petition filed on July 22, 2024 (with a signature date of July 7, 2024), was filed almost eight years too late.

Hull filed his first PCR motion in 2016, within the one-year limitations period; however, the trial court dismissed it for lack of jurisdiction. Thus, the 2016 PCR was not "properly filed" and did not toll the one-year limitations period. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022). Even so, the PCR was denied after approximately four months and would not have had any appreciable tolling effect on the limitations period. *See* Doc. [10-5]. Hull's remaining post-conviction motions challenging the validity of his conviction and sentence, including PCR motions filed in November 2020 and October 2021, were all filed after the one-year statute of limitations had expired on May 23, 2016; therefore, these motions did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Hull has not filed a response in opposition to dispute Respondent's representation of the relevant dates and timeline in the motion to dismiss. Based on the foregoing, the undersigned finds Hull is not entitled to statutory tolling.

Although Hull is not entitled to statutory tolling, the Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649-54 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Equitable tolling is available if the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Hull bears the burden of demonstrating he is entitled to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In his petition, Hull offers no discernible basis for equitable tolling.

4

*See* Doc. [1] at 13.  He mentions "research," "illegal sentence," and "misleading the jury."  Doc. [1] at 13.  However, he does not explain how he has been pursuing his rights diligently; nor does he identify some extraordinary circumstance that prevented a timely filing.  Hull has not filed a response in opposition to Respondent's motion to dismiss and thus makes no argument regarding equitable tolling.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [10] Motion to Dismiss be GRANTED and that Lorenzo Hull's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice as time barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 11th day of June 2025.


/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE