UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LORENZO HULL                                                                                   PETITIONER

V.                                                            CIVIL ACTION NO. 3:24-CV-425-DPJ-RPM

BURL CAIN                                                                                     RESPONDENT

ORDER

Lorenzo Hull filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2013 murder conviction and 2015 resentencing in Warren County Circuit Court. Pet. [1]; *see* Am. Pet. [5]. Respondent Burl Cain moved to dismiss [10], asserting that Hull's petition is time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. On June 11, 2025, United States Magistrate Judge Robert P. Myers, Jr. entered a Report and Recommendation [11]. Judge Myers recommended granting Cain's motion and dismissing the petition with prejudice as time barred. R&R [11] at 5.

Hull did not initially file a timely objection, and the Court adopted the unopposed Report and Recommendation. Order [12]. But Hull later moved for an extension of time to file an Objection. Mot. [14]. The Court, recognizing that the request had been mailed before the deadline to object, granted the extension, set aside its prior Order [12], treated his Objection [15] as timely, and allowed Cain to respond. Order [16]. Cain did, so the case may now be decided. *See* Resp. [17].

I.        Discussion

As explained by Judge Myers, the AEDPA provides a one-year limitation period to file a federal habeas petition, calculated from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C.

§ 2244(d)(1)(A); *see* R&R [11] at 3–4.  The Warren County Circuit Court resentenced Hull on April 21, 2015, and he did not appeal.  R&R [11] at 3.  So, his judgment became final when the time to appeal expired on May 21, 2015.  Hull had one year from that date to file a timely federal habeas petition.  *Id.*  He filed the instant petition on July 22, 2024, about 8 years too late.  *Id.* at 4.

Judge Myers correctly concluded that none of Hull's state-court filings entitled him to statutory tolling, *id.*, and that Hull is not entitled to equitable tolling because "he does not explain how he has been pursuing his rights diligently; nor does he identify some extraordinary circumstance that prevented a timely filing," *id.* at 5.  *See* 28 U.S.C. § 2244 (d); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).  Still, in his Objection [15], Hull insists he is entitled to statutory and equitable tolling.  Obj. [15] at 1.

**Statutory Tolling.**  Hull believes statutory tolling applies because he filed post-conviction motions in November 2020, *id*. at 13, and June, August, and October 2021, *id*. at 14.  But, as Judge Myers pointed out, all these motions were "filed after the one-year statute of limitations period."  R&R [11] at 4; *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").  In other words, by 2020, "there was nothing to toll."  Cain Resp. [17] at 7 (quoting *Nelson v. Louisiana State*, No. CV 23-00375, 2025 WL 1019387, at *2 (E.D. La. Apr. 4, 2025) ("Here, the time limitation for filing Nelson's federal petition under the AEDPA had expired before he filed his state application, and thus the Magistrate Judge correctly found 'there was nothing to toll.'")).  Judge Myers properly deduced that statutory tolling is unavailable.

2

***Equitable Tolling.*** A prisoner may be entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To begin, Hull suggests that his appellate counsel fell short and believes "attorney abandonment can qualify as an extraordinary circumstance." Obj. [15] at 21. He explains that he was represented by counsel "during direct appeal, rehearing, and writ of cert. proceedings, but abandon petitioner during habeas corpus stage. Counsel advice at the state, as that he had gone far as he could go, and that petitioner had to seek further counsel in order to continue." *Id.* at 11 (unaltered).[1] But, as Cain points out, "there is no constitutional right to counsel in postconviction proceedings." *Moody v. Lumpkin*, 70 F.4th 884, 891 (5th Cir. 2023) (cited in Cain Resp. [17] at 12). And the facts Hull alleges do not suggest abandonment.

It is also not apparent that Hull "has been pursuing his rights diligently." *Holland*, 560 U.S. at 649. Hull filed his first post-conviction relief motion in state court in 2016, and the motion was denied on July 18, 2016. Order [10-5]; *see* R&R [11] at 4. Yet Hull waited four years to pursue further relief. *See* Cain Resp. [17] at 11 (citing Order [10-6] (dated Feb. 20, 2020); Circuit Court Docket [10-7] (showing no activity between July 18, 2016, and February 20, 2020)); R&R [11] at 4. When the Mississippi Supreme Court denied certiorari review in Hull's appeal of his 2021 post-conviction petition in September 2023, Hull waited until July

---

[1] By contrast, in *Holland*, Holland received appointed representation for "all state and federal postconviction proceedings." 560 U.S. at 635–36. Holland regularly corresponded with counsel, expressing concern over the AEDPA time limits and asking him to promptly file a habeas petition if his state-court postconviction motion was denied. *Id.* at 637–41. Counsel, misunderstanding the AEDPA deadline, believed the time period had run years before. *Id.* at 641 (stating counsel "was wrong about the law"); *see id.* at 654 (remanding to court of appeals "to determine whether the facts in this record entitle Holland to equitable tolling").

2024 to file this habeas petition.  *See* Cain Resp. [17] at 11; *see also Hull v. State*, 356 So. 3d 169 (Miss. Ct. App. 2023) (noting rehearing denied June 27, 2023); State Ct. R. [9-18] at 2 (Order denying Petition for Writ of Certiorari entered September 18, 2023); Pet. [1] (filed July 22, 2024).  Judge Myers properly concluded that equitable tolling does not apply.

II.   Conclusion

The Court has considered all arguments raised in Hull's Objection [15] and Cain's Response [17]; those not specifically addressed would not have changed the result.  As described, the Court accepts the well-reasoned recommendation of Judge Myers.

IT IS ORDERED that the Report and Recommendation [11] of United States Magistrate Judge Robert P. Myers, Jr. is adopted as the finding and holding of this Court.  Respondent's motion to dismiss [10] is granted; the petition is dismissed with prejudice.

A separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2025.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE